UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN PAUL LITTLE, )
)
    *Plaintiff*, )
)
v. ) No.: 3:13-CV-108
)
CAITLYN BELL, GARRETT BISHOP, )
CHARLES MULLINS, and OFFICER )
BRYANT, )
)
    *Defendants.* )

## **M E M O R A N D U M**

This is a prisoner's pro se civil rights action under 42 U.S.C. §1983. This matter is before the Court upon postal return of an order the Court mailed to Plaintiff at the address listed for Plaintiff on the Court's docket sheet. The postal authorities returned the mail to the Court more than thirty days ago with the envelope marked "FORWARD TIME EXP RTN TO SEND" [Doc. 34 p. 6]. Accordingly, it is clear that Plaintiff has failed to provide the Court with notice of his correct address. The Court previously ordered Plaintiff to inform the Court and Defendants of any address changes immediately and notified Plaintiff that failure to provide a correct address within ten days following a change of address would result in the dismissal of this action [Doc. 5 p. 3].

This action will therefore be **DISMISSED** for failure to comply with orders of the Court and for want of prosecution. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing court's authority to dismiss a case *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that pro se prisoner's complaint "was subject to dismissal for want of

prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

s/ Leon Jordan<br>United States District Judge